(Reap. Dec. 10870)

INTERNATIONAL PACKERS, LIMITED *v.* UNITED STATES

Entry No. 23868, etc.

(Decided December 9, 1964)

*Barnes, Richardson & Colburn* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule "A," attached to and made a part of this decision, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court, as follows:

That the appeals for reappraisement listed in Schedule "A" hereto annexed and made a part hereof are limited to merchandise described on the invoices as cooked beef (with or without other words of description), exported from Argen-

tina during the period January 10, 1959 through and including July 28, 1961, and are abandoned as to all other merchandise, including canned meats.

That the involved merchandise was entered, or withdrawn from warehouse, for consumption after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165) ; that the merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521) ; that appraisement was accordingly made under section 402, Tariff Act of 1930 as amended by the Customs Simplification Act.

That the merchandise and the issues are similar in all material respects to those involved in *International Packers, Ltd.* v. *United States,* Reap. Dec. 10724 ; that the record in the said cited case may be incorporated herein.

That on or about the dates of exportation, such or similar merchandise was not freely sold or offered for sale in Argentina for exportation to the United States ; that on or about said dates of exportation and for a period of at least 90 days thereafter, such or similar imported merchandise was not freely sold or offered for sale for domestic consumption in the United States.

That the periods of exportation and the appraised and claimed constructed values per kilogram net packed, of the merchandise within the respective exportation periods, are as recited in Schedule "B", annexed to and made a part of this stipulation ; that the difference in each instance between appraised and claimed values is the allowance for the so-called Argentine Retention tax on the exported merchandise, which the appraiser included as a component of constructed value.

That the said Argentine export charge involved in the present appeals was imposed or exacted pursuant to the same Argentine decrees, or other Argentine legal authorities, that were construed by the court in the incorporated case.

That the appeals for reappraisement listed in said Schedule "A" may be submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the decision cited therein, I find and hold that constructed value, as defined in section 402 (d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), effective on the dates the merchandise was entered, or withdrawn from warehouse, for consumption, is the proper basis for determination of the value of the cooked beef, exported from Argentina, described with or without other words of description on the invoices of the entries covered by the appeals for reappraisement recited in schedule "A," and that such values per kilogram, net packed, are the respective values shown as plaintiff's claimed values on schedule "B," attached to and made a part of this decision, for those periods which correspond to the time of exportation of the merchandise covered by the appeals for reappraisement set forth in schedule "A."

As to all other merchandise, these appeals for reappraisement, having been abandoned, are dismissed.

Judgment will be entered accordingly.